IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AUTO SERVICES COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV264 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| KPMG LLP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Report on Parties' Planning Conference (Filing No. 170). In the report, the parties note a stipulation between the parties, except for the defendant Milliman, Inc., to stay discovery pending resolution of several pending dispositive motions in this case. The parties state there are at least eight different lawsuits around the country which involve many of the same parties, documents and issues. The parties are attempting to coordinate discovery in all cases to minimize costs. Milliman, Inc. opposes a stay which may (1) contradict a scheduling order entered in a related action outside this jurisdiction or (2) delay this action by prohibiting discovery from third parties. Milliman, Inc. states it is the defendant in several actions, one of which is proceeding under an order allowing third-party discovery.

The power of a court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." **Landis v. North Am. Co.**, 299 U.S. 248, 254 (1936); **see Lockyer v. Mirant Corp.**, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under **Landis**."); **Capitol Indem. Corp. v. Haverfield**, 218 F.3d 872, 874 (8th Cir. 2000). The court must balance the consequences of imposing a stay against the consequences of proceeding. **See Jones v. Clinton**, 72 F.3d 1354, 1365 (8th Cir. 1996).

Pending in this case are several dispositive motions (Filing Nos. 152, 154, 157, 158 and 164), which may resolve many of the issues before the court. Based on the circumstances in this case, economy of resources is served by staying discovery pending the resolution of dispositive motions. However, this order shall not be construed to limit

discovery of any party with regard to litigation outside this jurisdiction.  Further, this order does not limit any discovery required for responding to the pending motions.  Upon consideration,

**IT IS ORDERED:**

General discovery in this matter is stayed until after resolution of the pending motions to dismiss (Filing Nos. 152, 154, 157, 158 and 164).  Ten business days following the resolution of these pending motions to dismiss, plaintiff's counsel shall initiate a telephone conference with all remaining counsel of record and the undersigned magistrate judge for the purpose of establishing an initial progression order.

DATED this 26th day of April, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge