IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AUTO SERVICES COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV264 |
| | ) | |
| v. | ) | |
| | ) | |
| KPMG, L.L.P., KPMG CONSULTING, | ) | MEMORANDUM AND ORDER |
| L.L.C., MILLIMAN, INC., | ) | |
| DELOITTE - CAYMAN ISLANDS, | ) | |
| DELOITTE & TOUCHE, U.S.A., | ) | |
| L.L.P., DELOITTE & TOUCHE, | ) | |
| L.L.P., DELOITTE CONSULTING, | ) | |
| L.L.P., BERKLEY INSURANCE CO., | ) | |
| AMERICAN SAFETY INSURANCE, | ) | |
| LTD., DONALD ERWAY, DENNIS | ) | |
| COSTIN, REX MOATS, and | ) | |
| WINTERBROOK RE INTERMEDIARIES, | ) | |
| L.L.C., | ) | |
| _____ | ) | |

    This matter is before the Court on motions to dismiss filed by defendants Deloitte - Cayman Islands (Filing No. 157); Deloitte & Touche, U.S.A., L.L.P., Deloitte & Touche, L.L.P., Deloitte Consulting, L.L.P. (Filing No. 158) (hereinafter, collectively, "the Deloitte entities"), and the motion of the Cayman Islands Firm of Deloitte & Touche for leave to file letter-brief (Filing No. 247). Plaintiff Auto Services Company, Inc., ("Auto Services") seeks recovery from the Deloitte entities for losses it sustained in connection with the insolvency of National Warranty Insurance Risk Retention Group ("National Warranty").[1] As to the Deloitte entities, this is an action for

---

[1] Facts relevant to National Warranty's liquidation proceedings are set forth in *In Re National Warranty Ins. Risk Retention Group*, 306 B.R. 614, 617-19 (8th Cir. B.A.P. 2004).

professional negligence.  Jurisdiction is based on diversity of citizenship.

## I. BACKGROUND

Auto Services is an Arkansas company that markets vehicle service contracts, also known as "new or used car warranties," to owners of cars, trucks, recreational vehicles and motorcycles.  These contracts are regulated under state law and, in Nebraska, the providers of the contracts are required to maintain insurance to cover costs of repairs if the seller should become insolvent.  The insurers are required to file audited financial statements with the Department of Insurance.

Auto Services obtained insurance through National Warranty Insurance Risk Retention Group, a Cayman Islands corporation headquartered in Lincoln, Nebraska, beginning in 1991.  Deloitte - Cayman Islands conducted National Warranty's annual audits of National Warranty's financial statements from 1998 to 2001.  Deloitte - Cayman Islands' last audit report for National Warranty was issued on February 11, 2002.

In its amended complaint, Auto Services asserts claims for negligent misrepresentation and negligence against the Deloitte entities.

The alleged wrongdoing by the Deloitte entities relates to Deloitte - Cayman Islands' annual audits of National

-2-

Warranty's financial statements prepared from 1998 to 2001 and assistance allegedly provided to Deloitte - Cayman Islands by the other Deloitte entities (Amended Complaint ("AC"), ¶ 23). Auto Services alleges the financial reports, audits, and actuarial opinions contained material misrepresentations or omissions and understated the company's liabilities and losses (AC, ¶ 15). Auto Services contends that it did not and could not have discovered the defendants' wrongful conduct until after National Warranty filed for liquidation on June 4, 2003 (AC, ¶ 23). This action was filed on June 3, 2005 (Filing No. 1). Documents filed with and referenced in the Amended Complaint establish that the audit prepared by Deloitte - Cayman Islands for the year 2001 was issued on February 11, 2002, and was delivered to National Warranty in February or March of 2002 (See Filing No. 227, Amended Complaint at ¶¶ 21, 28, 54, and Ex. 1, attached thereto.)

The Deloitte entities base their motion to dismiss on the assertion that plaintiff's claims are barred by the applicable statute of limitations. They alternatively assert that plaintiff's complaint fails to state a claim for relief.

This action is related to several other lawsuits pending in various jurisdictions. *See, e.g., Warranty Gold, Ltd. v. KPMG,* Case No. A-05-CA-412, slip op. (W.D. Tex. July 25, 2006) (granting in part a motion to dismiss); *SC&E Admin. Servs. v. Deloitte,* Case No. A-05-CA-929, slip op. (W.D. Tex. July 25,

2006) (same) (attached as Exs. A & B to Filing No. 231, Notice of Additional Authority); *Rocker v. SC&E Admin. Servs.*, Nos. A-468651 & A-470558 (Nev. 8th Jud. Dist Ct. Dec. 13, 2005) (certifying class action for fraud against reinsurance defendants)(attached as Ex. S to Filing No. 185, Index).

## II.  DISCUSSION

1.  Standards

In reviewing a complaint on a Rule 12(b)(6) motion, the court must consider all of the facts alleged in the complaint as true, and construe the pleadings in a light most favorable to the plaintiff. *See, e.g., Brotherhood of Maint. of Way Emps. v. BNSF R.R.*, 270 F.3d 637, 638 (8th Cir. 2001).  "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001)(*citing Breedlove v. Earthgrains Bakery*, 140 F.3d 797, 799 (8th Cir. 1998).  When accepting the facts of the complaint as true, a court will not, however, "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)(citations omitted).  A dismissal under Rule 12(b)(6) will therefore be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the

complaint that there is some insuperable bar to relief." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). There are no contentions that the law of any other state applies to this controversy, and the court will apply Nebraska law.

       2.   Analysis

       Under Nebraska law, the statute of limitations for professional negligence provides that an action "to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years after the alleged act or omission in rendering or failure to render professional services providing the basis for such action." Neb. Rev. Stat. § 25-222.  "The 2-year limitation may be extended if facts constituting the basis of the malpractice action are not discovered and could not reasonably be discovered within two years of the alleged negligent conduct." *World Radio Labs., Inc. v. Coopers & Lybrand*, 557 N.W.2d 1, 10 (Neb. 1996).  Under such circumstances, § 25-222 "allows a malpractice action to be brought within 1 year from the date of discovery or within 1 year from the date the plaintiff acquires facts that would lead to such discovery." *Id.*; Neb. Rev. Stat. § 25-222 ("if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date

of discovery of facts which would reasonably lead to such discovery, whichever is earlier."). The one-year discovery exception of § 25-222 is inapplicable when plaintiffs discover their causes of action while the two-year statute of limitations period is still running. *Carruth v. State,* 712 N.W.2d 575, 580 (Neb. 2006). The same limitations period applies to plaintiff's claims for negligent misrepresentation in connection with professional services. *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.,* 507 N.W.2d 275, 280-81 (Neb. 1993).

"The period of limitations begins to run upon the violation of a legal right, that is, when the aggrieved party has the right to institute and maintain suit." *Egan v. Stoler,* 653 N.W.2d 855, 860 (Neb. 2002). Nebraska courts continue to "abide by the occurrence rule in actions arising in tort and in malpractice actions . . . . Under that rule, a statute of limitations begins to run as soon as the cause of action accrues, and an action in tort accrues as soon as the act or omission occurs." *Carruth,* 712 N.W.2d at 582 (*quoting Berntsen v. Coopers & Lybrand,* 546 N.W.2d 310, 314-15 (Neb. 1996)). In cases involving negligently prepared audits, the statute begins to run when the audit report is delivered to the client. *World Radio,* 557 N.W.2d at 10. In the context of statutes of limitations, discovery "occurs when the party knows of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which,

-6-

if pursued, would lead to the knowledge of facts constituting the basis of the cause of action." *Gering-Ft. Laramie Irr. Dist. v. Baker,* 612 N.W.2d 897, 903 (Neb. 2000)(*citing Reinke Mfg. Co. v. Hayes*, 590 N.W.2d 380, 390 (Neb. 1999)).

The audits and associated reports at issue were prepared for the years 1998 through 2001.  The amended complaint and attached documents referenced therein show that the last audit was issued on February 11, 2002, and that the latest the documents prepared for 2001 could have been delivered was late February or early March 2002.  Thus, this action is time barred because it was filed on June 3, 2005, more than two years after the last audit was delivered to National Warranty.

The one-year discovery provision of § 25-222 is inapplicable because, by plaintiff's own allegation, it knew or should have known of any alleged accounting or auditing misfeasance or malfeasance when National Warranty filed liquidation proceedings on June 3, 2003.  The knowledge of National Warranty's liquidation proceeding would have been sufficient to put a person of ordinary intelligence and prudence on inquiry notice that, if pursued, would lead to the knowledge of facts constituting the basis of its cause of action. Because plaintiff knew or should have known of the alleged violation of its rights within the two-year period of time that

began at the time the audit was delivered to National Warranty, the discovery provision is inapplicable.

Even if the discovery provision of § 25-222 were applicable the plaintiff would still be out of time. The discovery component provides an extension of only one year from the time of discovery -- June 3, 2003. Thus, even under the discovery provision, the complaint would be time barred because it was filed more than one year after the June 3, 2003, time of discovery. The action was not filed until June 3, 2005 -- one year too late. Therefore, the claims against the Deloitte entities are time-barred. In view of the Court's finding that Auto Services' claims against the Deloitte entities are time-barred, the Court need not address Auto Services' other contentions. Accordingly,

IT IS ORDERED:

1) The motion of the Cayman Islands Firm of Deloitte & Touche for leave to file letter-brief is granted; said brief is deemed filed.

2) The motions to dismiss filed by Deloitte - Cayman Islands (Filing No. 157), and Deloitte & Touche, U.S.A., L.L.P., Deloitte and Touche, L.L.P., and Deloitte Consulting, L.L.P. (Filing No. 158) are granted. Plaintiff's claims against defendants Deloitte - Cayman Islands, Deloitte & Touche, U.S.A.,

L.L.P., Deloitte & Touche, L.L.P. and Deloitte Consulting, L.L.P. are dismissed.

DATED this 12th day of December, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court