IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AUTO SERVICES COMPANY, INC., ) | | |
| ) | | |
| Plaintiff, ) | | 8:05CV264 |
| ) | | |
| v. ) | | |
| ) | | |
| KPMG, L.L.P., et al., ) | | ORDER |
| ) | | |
| Defendants. ) | | |
| _____) | | |

This matter is before the Court on plaintiff's motion to reconsider dismissal of the DeLoitte and Touche defendants (Filing No. 268). That motion was filed on July 13, 2007, and addresses this Court's order of December 12, 2006 (Filing No. 248), in which the Court granted the DeLoitte defendants' motions to dismiss premised on the applicable statute of limitations. *See* Filing No. 248.

No subsequent motions were filed by plaintiff until the present motion filed on July 13, 2007, pursuant to Fed.R.Civ.P. 59(e). The Court has reviewed plaintiff's motion, the brief in support of its motion to reconsider (Filing No. 269), the DeLoitte defendants' briefs in opposition to said motion (Filing Nos. 272 and 273) and the plaintiff's reply to defendants' briefs (Filing No. 275).

Plaintiff relies specifically on two decisions by the United States Court of Appeals for the Eighth Circuit, *Davis v. Village of Decatur*, 23 F.Appx. 595, filed October 24, 2001, and

*Murphy v. Arkansas*, 127 F.3d 750 (8th Cir. 1997).  The Court finds that the plaintiff's reliance on these cases is misplaced.  The plaintiff seeks here a reconsideration of this Court's order of December 12, 2006.  The two cases cited by the plaintiff relate to the finality of an order which dismissed either certain causes of action or certain defendants from the action as it relates to the time to file an appeal.  They hold that an appeal may be taken only after a final judgment disposing of the entire case has been entered, absent a court-approved interlocutory appeal.

Plaintiff is not seeking to appeal this Court's order which would be governed by the cases it cites.  Therefore, its motion for reconsideration is governed by this Court's local rules which require that such a motion be filed no later than ten days after the Court files its order unless the party shows good cause for a later filing (See NECivR 60.1(b).  This motion was filed over seven months after the filing of the order plaintiff seeks to be reconsidered.

The time for appealing from the final judgment in this matter has expired, and the right of the plaintiff to seek a reconsideration of this Court's order of December 12, 2006, has long since expired.  There is no basis for plaintiff's present motion, and it will be denied.  Accordingly,

IT IS ORDERED that plaintiff's motion to reconsider dismissal of the DeLoitte and Touche defendants is denied.

DATED this 16th day of August, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court